JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -4 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 676

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE SHIP ASBESTOS PRODUCTS LIABILITY LITIGATION

ORDER DENYING TRANSFER*

Presently before the Panel are two motions under 28 U.S.C. §1407 affecting the five actions pending in three districts listed on the attached Schedule A. The first motion was brought by plaintiff Shaffer and seeks to have one action brought by her in the Southern District of New York transferred under Section 1407 to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with an action pending there also brought by her. The second motion was brought by plaintiff Jay and seeks transfer of two actions in the Southern District of New York and the Northern District of Texas in which she is plaintiff to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with an action pending there also brought by her.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Given the minimal number of actions subject to each separate motion, movants have failed to persuade us that any common questions of fact involved in their respective actions are sufficiently complex, and that the accompanying discovery will be so time-consuming, as to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). The Panel further finds that centralization in this docket is also inappropriate for many of the reasons expressed by the Panel in its previous rulings denying transfer of asbestos-related actions. See In re Asbestos and Asbestos Insulation Material Products Liability Litigation, 431 F.Supp. 906 (J.P.M.L. 1977); In re Asbestos Products Liability Litigation (No. II), MDL-416 (J.P.M.L., March 13, 1980) (unpublished order); and In re Asbestos School Products Liability Litigation, 606 F.Supp. 713 (J.P.M.L. 1985).

IT IS THEREFORE ORDERED that the motions for transfer, pursuant to 28 U.S.C. §1407, be, and the same hereby are, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

* Judge Milton Pollack recused himself and took no part in the decision of this matter. In addition, Judge Fred Daugherty took no part in the decision of this matter.

Schedule A

MDL-676 -- In re Ship Asbestos Products Liability Litigation

### Southern District of New York

Diana E. Shaffer, etc. v. Victory Carriers, Inc., et al.,
C.A. No. 85-Civ-6158
Kathleen D. Jay, et al. v. OMI Corp., et al.,
C.A. No. 85 Civ 7017

### Eastern District of Texas

Kathleen D. Jay v. Celotex Corp., et al.,
C.A. No. B-84-619-CA

### Northern District of Ohio

Diana E. Shaffer, etc. v. United States Steel Corp., et al.,
C.A. No. C-85-959
Kathleen D. Jay, et al. v. Cleveland Cliffs Iron Co., et al.,
C.A. No. C85-2426